UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
HECTOR LA PORTE,

                              Petitioner,              9:06-CV-1459
                                                       (GLS/GJD)
            v.

DALE ARTUS, Superintendent,

                              Respondent.
APPEARANCES:                             OF COUNSEL:

HECTOR LA PORTE
Petitioner, *pro se*

OFFICE OF THE ATTORNEY GENERAL     THOMAS B. LITSKY, ESQ.
State of New York                  Assistant Attorney General
Attorney for Respondent

GUSTAVE J. DI BIANCO, U.S. MAGISTRATE JUDGE

## DECISION AND ORDER

Pro se petitioner Hector La Porte filed a petition pursuant to 28 U.S.C.

§ 2254 seeking habeas corpus relief from his conviction in Schenectady

County Court wherein he pleaded guilty to possession of a controlled

substance in the first degree and was sentenced to a term of fifteen years to

life imprisonment.  Dkt. No. 1 at 2.[1]

A response to the petition was filed on April 30, 2007.  Dkt. No. 10.

_____

[1]  In accordance with this Court's Order filed April 19, 2007, the petition, the
response and all other submissions by the parties are filed under seal.  Dkt. No.  8.

Presently before the Court is a motion from petitioner seeking a stay of this action in order that he may return to state court and exhaust his remedies with respect to additional claims upon which he seeks habeas corpus relief.  Dkt. No. 13.

Respondent has not taken a position on the requested stay.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),[2] federal habeas petitions challenging a judgment of a state court are subject to a one year statute of limitations.  Specifically, 28 U.S.C. § 2244(d) reads:

> (1) A one year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State  Court.  The limitation period shall run from the latest of –
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and

---

[2]  Pub. L. No. 104-132, 110 Stat. 1214 (1996).

> made retroactively applicable to cases on collateral
> review; or
>
> (D) the date on which the factual predicate of the claim or
> claims presented could have been discovered through
> the exercise of due diligence.
>
> (2) The time during which a properly filed application for State
> post- conviction or other collateral review with respect to the
> pertinent judgment or claim is pending shall not be counted
> toward any period of limitation under this subsection.

A judgment of conviction becomes final under the AEDPA when the availability of appeal is exhausted.  Where the conviction has been appealed in the state courts, it becomes "final" at the conclusion of the ninety days during which the party could have sought certiorari in the United States Supreme Court, or when the Supreme Court finally determines the petition for certiorari or the appeal itself.  *Hughes v. Irvin*, 967 F.Supp. 775, 778 (E.D.N.Y. 1997) (citing Rule 13 of Rules of the Supreme Court of the United States); *Allen v. Hardy*, 478 U.S. 255, 258 n. 1 (1986) (decision becomes final "where the availability of appeal [is] exhausted, and the time for petition for certiorari ha[s] elapsed.").

Petitioners are required to first exhaust their available state court remedies before seeking federal habeas corpus relief under Section 2254. See *Daye v. Attorney General of the State of New York*, 696 F.2d 186, 190

3

(2d Cir. 1982) (en banc) (federal habeas corpus statute "embodies the long-established principle that a state prisoner seeking federal habeas review of his conviction ordinarily must first exhaust available state remedies").  As set forth in 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of a properly filed application for post-conviction relief.  The filing of a federal habeas corpus petition does not toll the AEDPA's statute of limitations. *Duncan v. Walker*, 531 U.S. 991 (2001).

The New York Court of Appeals denied petitioner leave to appeal on September 13, 2006.  Petitioner's conviction therefore became "final" no later than December 13, 2006, and the one-year limitations period for seeking federal habeas corpus relief will expire, at the earliest, one year later on December 13, 2007.

Petitioner states that he now seeks to return to state court to exhaust additional claims for habeas corpus relief.  Petitioner claims that his plea agreement was breached upon his application for resentencing and that he was denied his right to counsel when the court "disqualified counsel without holding a *Curcio* hearing."  Dkt. No. 13 at 3.  According to petitioner, he was not able to exhaust these claims sooner because he did not receive the relevant transcript until it was submitted to this Court by the respondent. *Id.*

4

As the Second Circuit recognized in *Zarvela v. Artuz*, 254 F.3d 374, 378 (2d Cir. 2001), *cert. denied*, 534 U.S. 1015 (2001), the procedural complexities confronting a habeas petitioner proceeding under the AEDPA are considerable.  In cases such as this, where a petitioner seeks to pursue claims which have not yet been exhausted in the state courts, the district court must consider both the timeliness of any subsequent petition and the impact of the AEDPA's limitations on second or successive petitions.

The Second Circuit ruled in *Zarvela*, that a district court presented with a mixed petition may either dismiss the petition without prejudice or retain jurisdiction over the petition and stay further proceedings pending exhaustion of state remedies.  If dismissal would "jeopardize the timeliness of a collateral attack," the district court should stay the petition.  *Zarvela*, 254 F.3d at 380. The Second Circuit went on to note that any stay must be "appropriately conditioned," so that a petitioner is not permitted "to take an undue amount of time to pursue state court remedies."  *Id*.  The Second Circuit stated:

> Therefore, where a district court elects to dismiss only unexhausted claims and stay proceedings as to the balance of the petition, the court should condition the stay on the petitioner's initiation of exhaustion within a limited period, normally 30 days, and a return to the district court after exhaustion is completed, also within a limited period, normally 30 days.  With the time to initiate exhaustion and to return to federal court thus limited, a stay of the exhausted claims will often be preferable to a

5

> dismissal of the entire petition because such a stay will reflect the continued viability of the initially filed exhausted claims.

*Id*. at 381.  The same considerations apply where, as here, petitioner seeks to exhaust a newly discovered claim and to then seek habeas review of that claim in his original proceeding.

Accordingly, in light of *Zarvela*, and in the interest of preserving the viability of petitioner's claims, dismissal of this action is not appropriate. Rather, further proceedings in this matter are hereby **STAYED** in order that petitioner may promptly pursue his state court remedies and, if necessary, return to this Court after exhaustion is completed.

**WHEREFORE**, it is hereby

**ORDERED**, that further proceedings in this matter are **STAYED** on the following terms and conditions: **Within thirty (30) days** of the filing date of this Order, petitioner shall commence in the appropriate state court a post-conviction proceeding by which he asserts the claims which formed the basis for his request to stay this proceeding, and it is further

**ORDERED**, that **within thirty (30) days** of the resolution of petitioner's state court action, petitioner must so advise the Court in writing and request leave to lift the stay.  Petitioner is also directed to provide a copy of the state court decision concerning the disposition of that claim, and it is further

6

**ORDERED**, that petitioner advise the Court, **within sixty (60) days** of the filing date of this Order, and, if a decision has not yet been reached in state court, **every subsequent sixty (60) days thereafter**, of the status of his state court proceeding, and it is further

**ORDERED**, that if petitioner fails to comply with the terms of this Order, the stay shall be lifted and the file in this matter returned to the Court for further consideration, and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

Dated: July 20, 2007.

_____
Hon. Gustave J. DiBianco
U.S. Magistrate Judge

7