UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**HECTOR LAPORTE,**

                  **Petitioner,**           **9:06-cv-1459**
                                                          **(GLS/ATB)**

        **v.**

**DALE ARTUS,** Superintendent,

                  **Respondent.**
_____
**APPEARANCES:**                **OF COUNSEL:**

**FOR THE PETITIONER:**
Hector LaPorte
Pro Se
03-A-5560
Sing Sing Correctional Facility
354 Hunter Street
Ossining, NY 10562

**FOR THE RESPONDENT:**
HON. ANDREW M. CUOMO      THOMAS B. LITSKY
New York State Attorney General   Assistant Attorney General
The Capitol
Albany, NY 12224

**Gary L. Sharpe**
**District Court Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Pro se petitioner Hector LaPorte filed a petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2254, alleging, inter alia, that his New York State guilty plea to first degree criminal possession of a controlled substance was involuntary due to his trial counsel's conflict of interest. (*See* Pet., Dkt. No. 1; Am. Pet., Dkt. No. 27.)  In an Order and Report-Recommendation (R&R) filed May 21, 2010, Magistrate Judge Andrew T. Baxter recommended that LaPorte's petition be denied.[1]  (Dkt. No. 47.) LaPorte thereafter moved for a stay to exhaust a new claim based on his counsel's failure to inform him of the consequences his plea could have regarding his immigration status.  (Dkt. No. 49.)  LaPorte filed no objections to the R&R.  For the reasons that follow, the requested stay is denied, the R&R is adopted, and LaPorte's petition is denied on the merits and dismissed.

## II.  Discussion[2]

### A. Motion for a Stay

Where a habeas corpus petitioner files a mixed petition containing exhausted and unexhausted claims, "a district court [may] stay the petition

---

[1] The Clerk is directed to append the R&R to this decision, and familiarity therewith is presumed.

[2] The court incorporates the factual recitation contained in Judge Baxter's R&R.  (*See generally* R&R, Dkt. No. 47.)

2

and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims." *Rhines v. Weber*, 544 U.S. 269, 275 (2005).  The stay-and-abeyance mechanism preserves the possibility of federal review of a petitioner's unexhausted claims.  However, in light of the purposes of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), "stay and abeyance should be available only in limited circumstances."  *Id.* at 277.  "Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings," while also "undermin[ing] AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition."  *Id.*  Thus, § 2254 "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court."  *Rose v. Lundy*, 455 U.S. 509, 520 (1982).

In evaluating whether to grant a stay and abeyance, district courts must determine whether "there was good cause for the petitioner's failure to exhaust his claims first in state court."  *Rhines*, 544 U.S. at 277.  Still, even if good cause is established, the court may not grant a stay when the

3

petitioner's claims are "plainly meritless." *Id.* (citing 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.")); *see also Gandarilla v. Artuz*, 322 F.3d 182, 186 (2d Cir. 2003). However, it is an abuse of the court's discretion to deny a stay and dismiss a mixed petition "if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 277.

Here, even assuming LaPorte can establish good cause based on the recent ruling by the United States Supreme Court in *Padilla v. Kentucky*, --- U.S. ----, 130 S.Ct. 1473 (Mar. 31, 2010), the court nonetheless finds his unexhausted claim meritless. Notwithstanding *Padilla*'s central holding that it may be objectively unreasonable for defense counsel to fail to inform a noncitizen defendant about deportation as a potential consequence of a criminal conviction, and putting aside questions regarding the retroactive application of *Padilla*, LaPorte has failed to demonstrate prejudice such that but for his trial counsel's alleged failure to advise him of the risks of deportation, he would not have pled guilty on

4

January 22, 2002, to criminal possession of a controlled substance. Instead, the record conclusively establishes that LaPorte's removal and deportation was ordered on November 19, 1999, based on a prior, unrelated conviction. (*See* Litsky Decl., Exs. A-C, Dkt. Nos. 54:1-3.) Consequently, LaPorte cannot claim prejudice resulting from his counsel's alleged failure to inform him that entering a guilty plea on the criminal possession charge could affect his immigration status. Accordingly, in light of the plain meritlessness of LaPorte's unexhausted claim, the court denies his motion for a stay.

## B.   Report & Recommendation

Before entering final judgment, this court routinely reviews all report and recommendation orders in cases it has referred to a magistrate judge. If a party has objected to specific elements of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations de novo. *See Almonte v. N.Y. State Div. of Parole*, No. 04-cv-484, 2006 WL 149049, at *6-7 (N.D.N.Y. Jan. 18, 2006). In those cases where no party has filed an objection, or only a vague or general objection has been filed, this court reviews the findings and recommendations of a magistrate judge for clear error. *See id.*

Because neither party has objected to Judge Baxter's findings and recommendations, the court has reviewed those findings and recommendations for clear error and finds none.  Accordingly, the R&R is adopted in its entirety.

### III.  Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that LaPorte's motion for a stay (Dkt. No. 49) is **DENIED**; and it is further

**ORDERED** that Magistrate Judge Andrew T. Baxter's Order and Report-Recommendation (Dkt. No. 47) is **ADOPTED** and LaPorte's petition for a writ of habeas corpus is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case and provide copies of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

November 16, 2010
Albany, New York

_Gary L. Sharpe_
United States District Court Judge